**FILED**

**APRIL 17, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Racing Speed Associates, L.L.C. d/b/a ASA Racing, | |
| Plaintiff, | Civil Action No: 07 C 6785 |
| v. | Judge Matthew F. Kennelly |
| | Magistrate Judge Schenkier |
| Louis R. Varney, Jr. and ASA Late Model Series, L.L.C., | |
| | JURY TRIAL DEMANDED |
| Defendants. | |

## FIRST AMENDED COMPLAINT

Plaintiff, Racing Speed Associates, L.L.C. d/b/a ASA Racing ("RSA"), by its attorneys, Niro Scavone Haller & Niro brings this action against defendants Louis R. Varney, Jr. ("Varney") and ASA Late Model Series, L.L.C. ("ASA LMS"), alleging as follows:

## NATURE OF THE SUIT

1.      This action is based on the Declaratory Judgment Act 28 U.S.C. §§2201 and 2202. By this action, RSA seeks a declaratory judgment invalidating United States Trademark Registration No. 3,035,680 based on false information provided by defendant Varney in connection with the prosecution of United States Trademark Registration application Serial No.78/533768, and for unfair competition under Section 43(a) of the Trademark Act, 15 U.S.C. §1125(a).

## THE PARTIES

2.      Plaintiff Racing Speed Associates, L.L.C. d/b/a ASA Racing is a limited liability company organized and existing under the laws of the State of Delaware and having its principal

place of business at 457 South Ridgewood Ave., Suite 101, Daytona Beach, FL 32114.  RSA is a sanctioning body of motorsports which sanctions nearly 600 events annually, throughout the United States and including Northern Illinois.

3.     Defendant ASA Late Model Series, L.L.C., is a limited liability company organized and existing under the laws of the State of Indiana which maintains the following business addresses: 7360 Elm Road, Lexington, MI 48450; and 8424 N. 000 Road, Decatur, IN 46733.  ASA LMS is a regional touring American stock car racing series which is conducted at various race tracks throughout the United States including Northern Illinois.

4.     Defendant Louis R. Varney Jr. is an individual and, on information and belief, the sole member and manager of ASA Late Model Series, L.L.C., which conducts business from and maintains the following address: 7360 Elm Road, Lexington, MI 48450.

## JURSIDICTION AND VENUE

5.     This declaratory judgment action, brought pursuant to 28 U.S.C. §§2201 and 2022, and the claim for unfair competition arise under the Trademark Laws of the United States, Title 15 of the United States Code.

6.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§1331 and 1338(a).

7.     The Court has personal jurisdiction over the defendants and venue is proper in the Northern District of Illinois under 28 U.S.C. §§1391(b).

## STATEMENT OF FACTS

8.     Between 2003 and 2007, American Speed Association, LLC. ("ASA"), through its Member/Manager, Stephen Dale was the exclusive owner of all rights, title and interests in the

American Speed Association name, logo, and trademarks, including: ASA, American Speed Association, ASA Racing, ASA Late Model Series, ASA Late Model Racing, ASA Member Track, ASA Regional Tour, ASA Tri-State Racing, ASA Speed Truck Challenge (referred to as "ASA family of marks").  For over 38 years, the ASA family of marks was owned and controlled by ASA and its predecessors-in-interest.

9.     On or about December 12, 2003, American Speed Association, L.L.C ("ASA"), an Indiana limited liability company, entered into an agreement ("Operating Agreement") with Louis R. Varney Jr. and ASA Late Model Series, L.L.C, for the formation of ASA Late Model Series, L.L.C. ("ASA LMS").   The Operating Agreement established American Speed Association, L.L.C. and Varney as the only members of ASA LMC and defined their respective ownership rights as 70/30.

10.     On the same date, ASA also entered into a Trademark License Agreement ("Trademark Agreement") with Louis R. Varney Jr. and ASA LMS.   Under the terms of Trademark Agreement, ownership of the trademark "ASA Late Model Series" was specifically retained by ASA.

11.     On November 15, 2004, ASA and Varney, as the only members of ASA LMS, entered into an agreement amending the Operating Agreement ("Amendment Agreement") in which Stephen Dale sold Varney all of its 70 member unit/shares in ASA LMS.  As a result of the Amendment Agreement, Varney became the sole member and manager of ASA LMS.

12.     The Amendment Agreement states:

This amendment and agreement includes all rights and use of the trademark agreement between American Speed Association, L.L.C. and ASA Late Model Series, L.L.C., for the use of the ASA Late Model Series Trademark only, which is granted to Louis R. Varney, Jr.  Trademark rights will be returned to American Speed Association LLC upon dissolution of the ASA Late Model Series LLC.

American Speed Association, LLC agrees to cooperate fully to effect the assignment and transfer of such trademark to comply with the laws of the State of Indiana including state form number 48258 assignment of trademark/service mark (emphasis added).

13.     Under the express terms of the Amendment Agreement, Varney merely acquired all rights and use of the Trademark Agreement, which is specifically limited to only the use of the ASA Late Model Series trademark.

14.     Under the terms of the Amendment Agreement, ASA retained reversionary rights to the ASA Late Model Series trademark.  ASA also reserved the right to use the mark itself in competition with Varney after two years and retained exclusive rights to the use of all remaining trademarks associated with the ASA family of marks.

15.     On December 12, 2004, Varney, in his individual capacity, filed an application for trademark registration with the United States Patent and Trademark Office ("USPTO") seeking to register the mark "ASA Late Model Series" under his name, as owner.

16.     Varney's application for trademark registration Serial No.78/533768 falsely represented that he was the owner of the trademark "ASA Late Model Series."

17.     As part of the application for trademark registration Serial No. 78/533768, Varney also made the following declaration:

The undersigned, being hereby warned that willful false statements and the like so made are punishable by fine or imprisonment, or both, under 18 U.S.C. Section 1001, and that such willful false statements, and the like, may jeopardize the validity of the application or any resulting registration, declares that he/she is properly authorized to execute this application on behalf of the applicant; he/she believes the applicant to be the owner of the trademark/service mark sought to be registered, or, if the application is being filed under 15 U.S.C. Section 1051(b), he/she believes applicant to be entitled to use such mark in commerce, either in the identical form thereof or in such near resemblance thereto as to be likely, when use on or in connection with the goods/services of such other person, to cause confusion, or to cause mistake, or to deceive; and that all statements made of his/her own knowledge are true; and that all statements made on information and belief are believed to be true.

18.     On December 27, 2005, the USPTO approved Varney's trademark application for registration of the ASA Late Model Series mark (Exhibit 1).

19.     On or about September 14, 2007, RSA acquired all rights, title and interests in the trademark American Speed Association® and the family of ASA names, logos, and trademarks, including all of the rights involving ASA LMS and/or Varney ("RSA Agreement"), and including all rights, title and interests in connection with the trademark "ASA Late Model Series."

20.     Initially, RSA recognized the defendants' right to use the "ASA Late Model Series" mark under the various agreements previously entered into between the defendants and ASA, and it permitted the continued use of the ASA Late Model Series trademark by ASA LMS in accordance with those agreements.

21.     On July 19, 2007, RSA filed an application for trademark registration of the mark "ASA Racing" with the USPTO, Serial No. 77/233764.

22.     On October 24, 2007, the USPTO filed an Office Action refusing registration of the "ASA Racing" mark based on the likelihood of confusion with U.S. trademark "ASA Late Model Series," U.S. Registration No.3,035,680, filed by Varney (Exhibit 2).

23.     Upon receipt of the USPTO Office Action refusing RSA's application, RSA first became aware that the actions of ASA LMS and Varney had violated the limited grant of use of the ASA Late Model Series mark permitted by the Operating Agreement, License Agreement, and Amendment Agreement.

24.     At that same time, RSA became aware that ASA LMS and Varney had begun a campaign of harassment, threats and misinformation related to Varney's rights in the ASA Late Model Series mark, by, among other things, sending e-mails to race track owners and race teams

to the detriment of RSA. Specifically, Varney and ASA LMS advised various race track officials that "further legal actions will follow until the whole ASA name has been cleared up."

25. By improperly registering the ASA Late Model Series mark with the USPTO and by continuing to provide misinformation regarding ownership of the ASA Late Model Series mark to the public and by threatening legal action to enforce those rights, the defendants are wrongfully asserting ownership over the ASA Late Model Series trademark and seeking to expand their rights under the License and Amendment Agreements to the detriment of RSA.

26. In February 2006, counsel for RSA sent correspondence to counsel for the defendants advising the defendants that the Amendment Agreement entered into by the parties did not grant title to the ASA Late Model Series trademark in either Varney or ASA LMS. The correspondence further advised that the Amendment Agreement merely granted ASA LMS a limited right to the use of the ASA Late Model Series trademark (Exhibit 3).

27. To date, the defendants continue to act in violation of the Amendment Agreement, and such actions constitute a breach of the agreement and a misuse of the mark.

28. Prior to and subsequent to the filing of this lawsuit, defendants have issued press releases and made or caused to issue public statements disparaging plaintiff and making false or misleading accusations, descriptions, or representations of fact in commerce regarding ownership of the ASA Late Model Series name, trademark and business of the American Speed Association.

29. Specifically, defendants, or those acting at their direction or control, have made at least the following disparaging, false and misleading statements, descriptions or representations of fact:

30.     "The 'Original' ASA Late Model Series presented by GM Performance Parts is embarking on a history making season …" (March 18, 2008).

31.     "The 'Original' ASA Late Model Series will compete at a track that is rich in the history of stock car racing" (March 15, 2008).

32.     "It has been well over 7-years since Miller has driven at Hickory Speedway.  The last race he competed in at the track was the now defunct ASA Touring series" (March 19, 2008).

33.     "While this news [the filing of this lawsuit] may be upsetting to some let me assure everyone that Mr. Huth and his associates cannot take our name (ASA Late Model Series) nor our business (ASA Late Model Series LLC) away from us" (December 4, 2007).

34.     "The ASA Late Model Series LLC was formed by Stephen Dale and Ron Varney as a separate business and was not nor was ever a part of the American Speed Association.  So once again Mr. Huth's claims of ownership of the trademark are without merit" (December 4, 2007).

35.     The disparaging, false and misleading statements, descriptions or representations of fact are likely to influence consumers to buy defendants' goods or services, and cause confusion or mistake or deceive the public as to the affiliation, connection or association between RSA, the American Speed Association, the family of ASA names, logos, and trademarks, and the ASA LMS and/or Varney.

36.     The disparaging statements, false and misleading statements, descriptions or representations are likely to cause confusion, mistake or deceive the public as to the origin, sponsorship or approval of the goods, services or commercial activities of ASA LMS.

## COUNT I
## Declaratory Judgment Seeking Cancellation

37.     RSA realleges and incorporates by reference the allegations in the above paragraphs as though fully set forth herein.

38.     A continuing controversy exists because the actions of ASA LMS and Varney are in violation of the Agreements entered into by the parties and such actions constitute a misuse of the ASA Late Model Series mark.

39.     In September 2007, RSA acquired exclusive ownership of all of rights in the ASA family of marks.

40.     Varney falsely represented himself to the U.S. Patent and Trademark Office as the owner of the ASA Late Model Series mark in his application for trademark registration with the USPTO.

41.     In December 2005, based on the false information provided by Varney, the USPTO granted Varney's application for registration of the ASA Racing Late Model Series trademark.

42.     Varney is not the owner of the ASA Late Model Series mark, nor was he the owner of the mark at the time he filed the application for registration.

43.     Varney had no right to register the trademark "ASA Late Model Series" in his name with the USPTO.

44.     Varney's application for trademark registration, Serial No. 77/233764, failed to comply with the requirements of trademark registration as defined by 15 U.S.C. §1051.

45.     For the foregoing reasons, Louis Varney's trademark registration should be declared invalid.

## COUNT II
### Violation of §43(a) of the Lanham Act, 15 U.S.C. §1125(a)

46.     RSA realleges and incorporates by reference the allegations in the above paragraphs as though fully set forth herein.

47.     Defendants, in connection with goods or services, have made disparaging, false or misleading statements, descriptions of fact or representations of fact about the ASA Late Model Series name, trademark and business and the plaintiff's rights and interests in the ASA family of marks.

48.     The disparaging, false and misleading statements, descriptions or representations are likely to cause confusion or mistake or deceive stock car racing consumers as to the affiliation, connection or association between RSA, the American Speed Association as well as the family of ASA names, logos, and trademarks and ASA LMS and/or Varney in violation of §43(a) of the Lanham Act, 15 U.S.C. §1125(a).

49.     The disparaging, false and misleading statements, descriptions or representations are likely to cause confusion, mistake or deceive stock car racing consumers as to the origin, sponsorship or approval of the goods, services or commercial activities of ASA LMS in violation of §43(a) of the Lanham Act, 15 U.S.C.§1125(a).

50.     Defendants' false and misleading statements, descriptions or misrepresentations have deceived and will continue to deceive stock car racing consumers.

51.     As a direct and proximate result of defendants' wrongful acts, plaintiff has been damaged.

52.     Defendants' wrongful actions have been done willingly, maliciously and/or in reckless disregard for the rights of plaintiff.

53.     In addition, defendants' conduct has caused and will continue cause irreparable injury to RSA unless enjoined by this Court.

## PRAYER FOR RELIEF

WHEREFORE, RSA respectfully requests that the Court:

A.     Enter judgment in favor of RSA and against defendants according the declaratory relief sought;

B.     Declare U.S. trademark registration No. 3,035,680 invalid for failure to comply with the registration requirements under 15 U.S.C. §1051;

C.     Order cancellation of U.S. trademark registration No. 3,035,680 pursuant to 15 U.S.C. §1119;

D.     Declare that RSA is the rightful owner of the ASA Late Model Series trademark;

E.     Declare that the defendants have no ownership rights in the ASA Late Model Series mark;

F.     Enter an Order adjudging that the defendants have violated 43(a) of the Lanham Act, 15 U.S.C. §1125;

G.     Permanently enjoin defendants from further use of the ASA Late Model Series trademark and from making any disparaging, false or misleading statements, descriptions or representations of fact concerning plaintiff and the ownership of ASA Late Model Series name, logo and trademark;

H.     Require defendants to publish a national press release and/or advertisements to disseminate statements retracting and correcting the false and misleading statements, descriptions or representations to stock car racing consumers;

I.     Award plaintiff its damages under 15 U.S.C. §§1117 and 1120;

J.     Award RSA its costs and expenses associated with this civil action together with reasonable attorneys' fees as provided in 15 U.S.C. §1117;

K.     Find that defendants' conduct was sufficient to constitute extenuating circumstances, and enter judgment for three times such damages and attorney's fees pursuant to 15 U.S.C. §1117 (b);

L.     Award any other relief to which RSA is entitled as a matter of law or equity or which the Court determines to be just and proper under the circumstances.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, plaintiff RSA demands a jury as to all issues so triable.

RACING SPEED ASSOCIATES, LLC
d/b/a ASA RACING

By: _____

William L. Niro
Laura A. Kenneally
NIRO, SCAVONE, HALLER AND NIRO
181 West Madison Street, Suite 4600
Chicago, Illinois  60602
Phone: (312) 236-0733
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Certification which was filed electronically with the Court through the Electronics Case Filing System on _____ will be sent electronically to the following registered counsel of record as identified on the Notice of Electronic Filing ("NEF"):

Johanna Raimond
LAW OFFICES OF JOHANNA J. RAIMOND, LTD.
321 S. Plymouth Court – Suite 1515
Chicago, IL  60604
Tel:    (312) 235-6959
jraimond@raimondlaw.com

William Christopher Penwell
SIEGEL, BRILL, GREUPNER, DUFFY & FOSTER, P.A.
100 Washington Ave South – Suite 1300
Minneapolis, MN 55401
Tel: (612) 337-6100
chrispenwell@sbgdf.com

***Attorney for Defendants***

_____

# EXHIBIT 1

**Int. Cl.: 41**

**Prior U.S. Cls.: 100, 101 and 107**

**Reg. No. 3,035,680**

**United States Patent and Trademark Office**    Registered Dec. 27, 2005

## SERVICE MARK
### PRINCIPAL REGISTER



VARNEY, LOUIE R., JR. (UNITED STATES IN-
DIVIDUAL)
7360 ELM
LEXINGTON, MI 48450

FOR: ENTERTAINMENT SERVICES, NAMELY,
SANCTIONING OF AUTOMOBILE RACING
EVENTS, IN CLASS 41 (U.S. CLS. 100, 101 AND 107).

FIRST USE 12-12-2003; IN COMMERCE 12-12-2003.

NO CLAIM IS MADE TO THE EXCLUSIVE
RIGHT TO USE "LATE MODEL SERIES", APART
FROM THE MARK AS SHOWN.

SER. NO. 78-533,768, FILED 12-16-2004.

BILL DAWE, EXAMINING ATTORNEY

# EXHIBIT 2

# UNITED STATES PATENT AND TRADEMARK OFFICE

**SERIAL NO:**      77/233764

**MARK**: ASA RACING

**CORRESPONDENT ADDRESS:**
    WILLIAM L. NIRO
    NIRO, SCAVONE, HALLER & NIRO
    181 W MADISON ST STE 4600
    CHICAGO, IL 60602-4676

# *77233764*

**RESPOND TO THIS ACTION:**
**http://www.uspto.gov/teas/eTEASpageD.htm**

**GENERAL TRADEMARK INFORMATION:**
**http://www.uspto.gov/main/trademarks.htm**

    **APPLICANT:**      Racing Speed Associates, LLC

    **CORRESPONDENT'S REFERENCE/DOCKET NO**:
        TM2220
    **CORRESPONDENT E-MAIL ADDRESS:**

# OFFICE ACTION

TO AVOID ABANDONMENT, THE OFFICE MUST RECEIVE A PROPER RESPONSE TO THIS OFFICE ACTION WITHIN 6 MONTHS OF THE ISSUE/MAILING DATE.

**ISSUE/MAILING DATE:**

## Section 2(d) - Likelihood of Confusion Refusal

Registration of the proposed mark is refused because of a likelihood of confusion with the mark in U.S. Registration No. 3035680.  Trademark Act Section 2(d), 15 U.S.C. §1052(d); TMEP §§1207.01 *et seq*.  See the enclosed registration.

The examining attorney must analyze each case in two steps to determine whether there is a likelihood of confusion.  First, the examining attorney must look at the marks themselves for similarities in appearance, sound, connotation and commercial impression.  *In re E. I. DuPont de Nemours & Co.*, 476 F.2d 1357, 177 USPQ 563 (C.C.P.A. 1973).  Second, the examining attorney must compare the goods or services to determine if they are related or if the activities surrounding their marketing are such that confusion as to origin is likely.  *In re August Storck KG,* 218 USPQ 823 (TTAB 1983); *In re International Telephone and Telegraph Corp.*, 197 USPQ 910 (TTAB 1978); *Guardian Products Co., v. Scott Paper Co.*, 200 USPQ 738 (TTAB 1978).  TMEP §§1207.01 *et seq.*

In the present case, both marks are dominated by ASA.  The additional wording in both cases must be disclaimed.  While the examining attorney cannot ignore a disclaimed portion of a mark and must view marks in their entireties, one feature of a mark may be more significant in creating a commercial impression.  *Tektronix, Inc. v. Daktronics, Inc.*, 534 F.2d 915, 189 USPQ 693 (C.C.P.A. 1976); *In re El Torito Restaurants Inc.*, 9 USPQ2d 2002 (TTAB 1988); *In re Equitable Bancorporation*, 229 USPQ 709 (TTAB 1986).  Disclaimed matter is typically less significant or less dominant.

Further, both marks cover the organization of automobile races.  If the goods or services of the respective parties are closely related, the degree of similarity between marks required to support a finding of likelihood of confusion is not as great as would apply with diverse goods or services.  *ECI Division of E Systems, Inc. v. Environmental Communications Inc.*, 207 USPQ 443 (TTAB 1980).  TMEP §1207.01(b).

Because the use of such similar marks in connection with identical services creates a likelihood of confusion, registration of the applicant's mark must be refused.

*Although the examining attorney has refused registration, the applicant may respond to the refusal to register by submitting evidence and arguments in support of registration.*

## Disclaimers

Applicant must disclaim the descriptive wording "racing" apart from the mark as shown because it merely describes features of the services.  Trademark Act Section 6, 15 U.S.C. §1056; TMEP §§1213 and 1213.03(a).  The applicant's services concern automobile "racing."

The computerized printing format for the Office's *Trademark Official Gazette* requires a standardized format for a disclaimer.  TMEP §1213.08(a)(i).  The following is the standard format used by the Office:

No claim is made to the exclusive right to use "racing" apart from the mark as shown.

*See In re Owatonna Tool Co.*, 231 USPQ 493 (Comm'r Pats. 1983).

/Doritt Carroll/

Trademark Examining Attorney

Law Office 116

Phone:  (571) 272-9138

Fax:    (571) 273-9138

www.uspto.gov/teas/index.html

**RESPOND TO THIS ACTION:** If there are any questions about the Office action, please contact the assigned examining attorney. A response to this Office action should be filed using the form available at http://www.uspto.gov/teas/eTEASpageD.htm. If notification of this Office action was received via e-mail, no response using this form may be filed for 72 hours after receipt of the notification. **Do not attempt to respond by e-mail as the USPTO does not accept e-mailed responses**.

If responding by paper mail, please include the following information: the application serial number, the mark, the filing date and the name, title/position, telephone number and e-mail address of the person signing the response.  Please use the following address: Commissioner for Trademarks, P.O. Box 1451, Alexandria, VA 22313-1451.

**STATUS CHECK:** Check the status of the application at least once every six months from the initial filing date using the USPTO Trademark Applications and Registrations Retrieval (TARR) online system at http://tarr.uspto.gov.  When conducting an online status check, print and maintain a copy of the complete TARR screen.  If the status of your application has not changed for more than six months, please contact the assigned examining attorney.

**Print: Oct 24, 2007**                    **78533768**

**DESIGN MARK**

**Serial Number**
78533768

**Status**
REGISTERED

**Word Mark**
ASA LATE MODEL SERIES

**Standard Character Mark**
No

**Registration Number**
3035680

**Date Registered**
2005/12/27

**Type of Mark**
SERVICE MARK

**Register**
PRINCIPAL

**Mark Drawing Code**
(3) DESIGN PLUS WORDS, LETTERS AND/OR NUMBERS

**Owner**
Varney, Louie R., Jr. INDIVIDUAL UNITED STATES 7360 Elm Lexington
MICHIGAN 48450

**Goods/Services**
Class Status -- ACTIVE.  IC 041.  US  100 101 107.  G & S:
Entertainment services, namely, sanctioning of automobile racing
events.  First Use: 2003/12/12.  First Use In Commerce: 2003/12/12.

**Disclaimer Statement**
NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "LATE MODEL SERIES"
APART FROM THE MARK AS SHOWN.

**Filing Date**
2004/12/16

**Examining Attorney**
DAWE, BILL

-1-



# EXHIBIT 3

# NIRO, SCAVONE, HALLER & NIRO

RAYMOND P. NIRO
TIMOTHY J. HALLER
WILLIAM L. NIRO
JOSEPH N. HOSTENY, III
ROBERT A. VITALE, JR.
JOHN C. JANKA
PAUL K. VICKREY
DEAN D. NIRO
RAYMOND P. NIRO, JR.
PATRICK F. SOLON
ARTHUR A. GASEY
CHRISTOPHER J. LEE
DAVID J. SHEIKH
VASILIOS D. DOSSAS
SALLY WIGGINS
RICHARD B. MEGLEY, JR.

181 WEST MADISON STREET-SUITE 4600

CHICAGO, ILLINOIS 60602-4635

———

TELEPHONE (312) 236-0733

FACSIMILE (312) 236-3137

November 8, 2007

MATTHEW G. McANDREWS
PAUL C. GIBBONS
BRADY J. FULTON
GREGORY P. CASIMER
DOUGLAS M. HALL
DINA M. HAYES
FREDERICK C. LANEY
DAVID J. MAHALEK
KARA L. SZPONDOWSKI
ROBERT A. CONLEY
ERIC J. MERSMANN
NICHOLAS M. DUDZIAK
KAREN L. BLOUIN

———

OF COUNSEL:
THOMAS G. SCAVONE

*Via Federal Express and Facsimile*
Mr. Louis P. Varney, Jr.
Manager/Member
ASA Late Model Series, LLC
7360 Elm St.
Lexington, MI 48450

       Re:    *ASA Late Model Series*

Dear Mr. Varney:

      As you may be aware, we represent Dennis Huth and Racing Speed Associates, LLC ("RSA"). As you also may be aware, RSA recently purchased all of the rights in the ASA and ASA Racing trademarks and trade names, as well as all of the rights of American Speed Association, LLC under the November 2004 Agreement with you concerning the trademark "ASA Late Model Series."

      As we previously advised your attorneys in February 2006, you did not acquire title to that trademark, only the limited right to use it in connection with your racing organization activities (see enclosed).

      In the past few years, Mr. Huth has graciously allowed and encouraged you to use the ASA Late Model Series trademark in the interests of promoting harmony in the auto racing community and enhancing the ASA family of auto racing marks.

      We have now learned, however, that you have illegally registered that mark, and have begun a campaign of harassment, threats and misinformation about your rights to the detriment of RSA and Mr. Huth. Specifically, we have seen e-mails from you to race track owners and race teams threatening those who do business with RSA and Mr. Huth with legal action in connection with his use of the ASA and ASA Racing logos.

      You know, and have known for many years, that the rights you acquired from ASA are limited, and that the ownership rights of ASA in the trademarks noted were never transferred to you. In addition, you understand that ASA retained those ownership rights as well as the rights

November 8, 2007
Page 2

in the ASA family of trademarks. On January 10, 2006, Mr. Dale verified the limited rights granted to you under the November 2004 agreement (copy enclosed).

Your activities are a breach of the agreement with ASA, and a misuse of the limited rights granted to you. The threats you have made to those persons doing business with RSA and Mr. Huth have caused and will continue to cause damage to RSA. We, therefore, demand that the false and misleading communications with all third parties concerning your rights, and the threats that "further legal action will follow" cease immediately.

By reason of your misuse of the mark and actions taken, RSA, as successor in interest to American Speed Association, LLC, hereby declares you to be in breach of the November 2004 Agreement concerning the ASA Late Model Series trademark and all rights of use in that trademark are hereby terminated. The registration of that mark by you must either be cancelled or assigned to RSA.

Unless we receive written verification from you within ten days of this letter that you have ceased all communications with third parties, and agree to assign or cancel the trademark registration, RSA and Mr. Huth have authorized us to take whatever actions we deem appropriate to enforce their rights.

Very truly yours,

William L. Niro

WLN/mm
Enclosures
cc:     D. Huth (w/encl.)
        A. Tradd (w/encl.)