IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Racing Speed Associates, L.L.C. | ) | |
| d/b/a ASA Racing, | ) | |
| | ) | Case No. 07 C 6785 |
| Plaintiff, | ) | |
| v. | ) | Judge Kennelly |
| | ) | |
| Louis R. Varney, Jr. and | ) | |
| ASA Late Model Series, L.L.C., | ) | |
| | ) | |
| Defendants. | ) | |

**ANSWER AND COUNTERCLAIM TO FIRST AMENDED COMPLAINT**

Defendants, for their answer to plaintiff's First Amended Complaint, plead and allege as follows:

1.      Except as hereafter admitted otherwise qualified, defendants deny each and every allegation set forth in plaintiff's First Amended Complaint.

2.      Defendants admit the allegations set forth in paragraphs 3, 4, 9, 11, 12, 15, 17, 18, 20, 21 and 22 of plaintiff's First Amended Complaint.

3.      Defendants deny the allegations set forth in paragraphs 10, 16, 19, 23, 25, 27 and 32 – 48 of plaintiff's First Amended Complaint.

4.      With respect to the allegations set forth in paragraphs 2 and 8 of plaintiff's First Amended Complaint, defendants are without sufficient information to admit or deny those allegations and, therefore, deny the same and put plaintiffs to its proof thereof.

5.      With respect to the allegations set forth in paragraphs 9, 13, 15, 16, 19 and 20 of plaintiff's First Amended Complaint, defendants deny those allegations to the extent they suggest defendants do not own the ASA Late Model Series mark.

6.     With respect to the allegations set forth in paragraph 14 of plaintiff's First Amended Complaint, defendants deny those allegations except that defendants admit ASA retained the right to use marks other than the ASA Late Model Series  mark.

7.     With respect to the allegations set forth in paragraph 24 of plaintiff's First Amended Complaint, defendants deny making any harassing, threatening, or misinformed communication.

8.     With respect to the allegations set forth in paragraph 26 of plaintiff's First Amended Complaint, defendants admit that counsel for RSA sent Exhibit 3.

9.     With respect to the allegations set forth in paragraphs 28 – 29 of plaintiff's First Amended Complaint, defendants deny making disparaging, false and misleading accusations, descriptions, or representations of fact, and deny those allegations to the extent they suggest defendants do not own the ASA Late Model Series mark.

10.     With respect to the allegations set forth in paragraphs 30 – 31 of plaintiff's First Amended Complaint, defendants deny making disparaging, false and misleading accusations, descriptions, or representations of fact, and defendants deny those allegations to the extent they suggest (a) defendants do not own the ASA Late Model Series mark and (b) it is defendants' and not the plaintiff's actions that have created a likelihood of confusion, mistake or deception of the public as to the affiliation, connection or association of the ASA Late Model Series and/or Varney with RSA, the American Speed Association, or the family of ASA names, logos, and marks.

## AFFIRMATIVE DEFENSES

11.     Plaintiff's Complaint fails to state a claim upon which relief can be granted.

12.     This Court lacks personal jurisdiction over defendants.

13.    Plaintiff's claims are barred by the doctrines of waiver, estoppel, laches, acquiescence and unclean hands.

14.    Plaintiff's claims are barred by the doctrine of abandonment.

## COUNTERCLAIM OF DEFENDANTS / COUNTER-PLAINTIFFS ASA LATE MODEL SERIES, LLC AND LOUIE R. VARNEY

15.    Counter-plaintiffs reallege and restate the above paragraphs as though fully set forth herein.

16.    Counter-defendant Racing Speed Associates, L.L.C. d/b/a ASA Racing ("RSA") is a limited liability company organized under the laws of the State of Delaware and having its principal place of business at 457 South Ridgewood Ave., Suite 101, Daytona Beach, FL 32114. RSA is a sanctioning body of motorsports events in various regions of the United States, including Northern Illinois.

17.    Counter-plaintiff ASA Late Model Series, L.L.C. ("ASA Late Model Series") is a limited liability company organized under the laws of the State of Indiana which maintains the following business address: 7360 Elm Road, Lexington, MI 48450.

18.    Counter-plaintiff Louie R. Varney Jr. ("Varney") is an individual who is presently the sole member and manager of ASA Late Model Series.

19.    This declaratory judgment action is brought pursuant to the Trademark Laws of the United States, Title 15 of the United States Code.

20.    This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

21.    This Court has personal jurisdiction over Counter-defendant and venue is proper in the Northern District of Illinois under 28 U.S.C. § 1391(b).

### HISTORY OF COUNTER-PLAINTIFF ASA LATE MODEL SERIES

22.     Today, ASA Late Model Series is in the business of sanctioning motorsport racing specifically for late model series race cars.  ASA Late Model Series sanctions events throughout the United States.

23.     In 2002, an individual named Stephen Dale purportedly purchased certain interests in the American Speed Association ("ASA") name and marks from an individual named Rex Robbins.  This purchase did not include the ASA Late Model Series name, logo and mark. On information and belief, Rex Robbins began the ASA over thirty years before it was sold and transferred to Stephen Dale.

24.     On approximately December 12, 2003, Counter-plaintiffs Varney and American Speed Association, L.L.C. ("ASA"), through its then President and CEO Stephen Dale, entered into an agreement ("Operating Agreement") to form and organize a new entity called the "ASA Late Model Series, L.L.C".  A true and correct copy of the Operating Agreement is attached hereto as **Exhibit A.**

25.     The Exhibit A to the Operating Agreement allocated a 70% ownership interest in ASA Late Model Series to ASA, and a 30% ownership interest in ASA Late Model Series to Varney.

26.     ASA Late Model Series first began to use its mark "ASA Late Model Series" in December of 2003 when ASA Late Model Series was formed.  Since its formation, ASA Late Model Series has spent a significant amount of money establishing the "ASA Late Model Series" mark in the minds of its customers as a unique racing series specializing in short-track racing for late model series race cars.

27.     In 2004, Varney learned that the financial viability of ASA Late Model Series was in jeopardy due to activities and events out of Varney's control.  As a consequence, Varney approached Stephen Dale of ASA and offered to buy all member units held by ASA.  On or around November 15, 2004, ASA sold its 70% ownership interest to Varney for $122,500.00. The terms of this agreement are memorialized in the Amendment to Operating Agreement of the ASA Late Model Series, L.L.C. ("Amendment Agreement"), which is attached hereto as **Exhibit B.** The Amendment Agreement vested ownership of all ASA Late Model Series' outstanding member units / shares in ASA Late Model Series with Varney.

28.     The Amendment Agreement also expressly addressed use of the ASA Late Model Series mark, stating that

> [t]his amendment and agreement includes all rights and use of the trademark agreement between American Speed Association, LLC and ASA Late Model Series, LLC, for the use of the ASA Late Model Series Trademark only; which is granted to Louie R. Varney, Jr.  Trademark rights will be returned to American Speed Association LLC upon dissolution of the ASA Late Model Series, LLC. American Speed Association, LLC agrees to cooperate fully to the effect the assignment and transfer of such trademark to comply with the laws of the State of Indiana including state form number 48528 assignment of trademark / service mark

29.     In addition, ASA retained "all rights to the ASA Late Model portion of the website known as 'www.asaracing.com'" and the parties agreed the ASA Late Model Series website "will be operated under 'www.asalatemodels.com'."

30.     No separate trademark licensing agreement exists, as alleged by Counter-defendant.

31.     Varney applied to register the ASA Late Model Series mark with the United States Patent and Trademark Office ("USPTO") on December 12, 2004.

32.    The USPTO approved Varney's application on or around December 27, 2005.  A true and correct copy of the ASA Late Model Series mark taken from the USPTO's Trademark Electronic Search System (TESS) is attached hereto as **Exhibit C.**

**TRANSFER OF CERTAIN RIGHTS AND INTERESTS
IN ASA-RELATED MARKS TO COUNTER-DEFENDANT**

33.    On information and belief, in approximately 2004, ASA sold to Counter-defendant RSA certain rights to various marks, names and logos associated with ASA.  On information and belief, ASA did not sell any rights to the ownership or use of the ASA Late Model Series mark, trade name, or logo to Counter-defendant.

34.    In approximately 2005, RSA drafted a trademark license agreement under which Varney would "sell, transfer and convey the name 'ASA Late Model' and its attendant mark to RSA" as the "Licensor."  In the draft trademark license agreement, there is a WHEREAS clause expressly acknowledging that Varney "purchased only rights to ASA Late Model Series from [Stephen Dale and entities owned by him]."  A true and correct copy of the RSA draft trademark license agreement is attached hereto as **Exhibit D.**  Despite drafting the trademark license agreement, RSA now denies that Varney owns the ASA Late Model Series mark.

35.    On information and belief, around September 14, 2007, RSA acquired certain rights, title and interests in the ASA and various other names, logos and trademarks (the "RSA Acquisition").  RSA claims that through the RSA Acquisition, it acquired "all rights, title and interests" in (a) the ASA and (b) what RSA identifies as "the ASA family of marks."  The only interests, rights and obligations RSA acquired under the RSA Acquisition were those retained by ASA under the Operating Agreement and Amendment Agreement, which did not include the ASA Late Model Series mark

6

36.     On October 24, 2007, the USPTO filed an Office Action refusing registration of

the "ASA Racing" mark based on the likelihood of confusion with U.S. mark "ASA Late Model

Series," U.S. Registration No. 3,035,680 filed by Varney.

**COUNTER-DEFENDANT'S FALSE AND MISLEADING REPRESENTATIONS**

37.     Prior to and subsequent to the filing of this lawsuit, RSA has made or caused to be

made public statements disparaging ASA Late Model Series, false or misleading accusations,

descriptions or misrepresentations of fact in commerce regarding ownership of the ASA Late

Model Series name, mark and business.  Specifically, such statements have represented that ASA

Late Model Series does not own all rights, title and interest in the ASA Late Model Series entity

or mark, including without limitation the following:

> a.  "Longtime motorsports executive Dennis Huth, through his company Racing Speed Associates, has reached an agreement to fully acquire all rights to the American Speed Association, it was announced today . . . . Under Dale, with guidance from valued staff members such as Huth, the American Speed Association quickly expanded into other areas, including the ASA Member Track Program, the ASA Late Model Series and the highly-regarded ASA National Tour" (American Speed Association press release, on or around October 4, 2007);

> b.  "RSA acquired all of the rights to the ASA family of trademarks, including American Speed Association, ASA Racing and ASA Late Model Series earlier this year from American Speed Association, LLC who most people in the racing world know was the successor to the ASA Racing founder Rex Robbins" (American Speed Association press release, December 3, 2007);

> c.  "We twice warned Mr. Varney that he was overstepping his bounds with his campaign against our client. . . You cannot permit a licensee of a trademark to claim ownership in the mark and then seek to use it against the legitimate business activities of the rightful owner of that mark" (American Speed Association press release, RSA attorney William Niro, on or around December 3, 2007); and

All of the above statements falsely and misleadingly claim that Counter-defendant owns the

ASA Late Model Series and its mark.

38.     Statements posted on various Internet message boards, press releases, and articles evidence actual confusion and/or a likelihood of confusion by consumers familiar with the ASA and ASA Late Model Series services.  Examples of such statements include, without limitation, the following:

    a.    "There has been a lot of confusion this year over American Speed Association, the ASA name and the ASA Late Model Series.  To help seperate [sic] it at this time here at Motorsports Lounge, we have given the 'ASA Late Model Series' it's [sic] own forum and the 'American Speed Association' (ASA Racing) it's [sic] own forum" (on or around November 7, 2007, post number 137658 found on www.motorsportslounge.com); and

    b.    "ASA is a two-headed beast.  Huth handles the ASA Member Track Program / Regional Series, while Ron Varney runs a touring Late Model series under the ASA banner. . . . The [ASA] organization experienced several problems in 2004, which led Dale to sell the Member Track program to Huth and allow Varney to continue forward with the ASA Series" (on or around November 11, 2007, article or draft article written by Godwin Kelly (Motorsports Editor) entitled *Huth's Short-Track Revolution*).

39.     With the intention to deceive or mislead consumers and/or to cause confusion, RSA has (a) made false or misleading accusations, and descriptions or misrepresentations of fact as to the ownership of the ASA Late Model Series mark; and (b) used or threatened use of the ASA Late Model Series mark and name.

## COUNT I

## <u>DECLARATORY JUDGMENT</u>

40.     Counter-plaintiffs reallege and restate the above paragraphs as though fully set forth herein.

41.     A continuing controversy exists because ASA has made and continues to make false claims that (a) ASA Late Model Series and/or Varney are in violation of agreements entered by the parties; (b) ASA Late Model Series' and/or Varney's proper use of the ASA Late

Model Series trade name, logo and mark is illegal; and that (c) Counter-plaintiffs do not own all rights, title and interest in the ASA Late Model Series trade name, logo and mark.

      42.    Pursuant to 28 U.S.C. § 2201 and Federal Rule of Civil Procedure 57, Counter-plaintiffs request that the Court determine and declare that

      a.    Counter-plaintiffs' use of the trade name and registered logo and mark for the ASA Late Model Series is not an infringement of Counter-defendant's rights, interests or ownership of the ASA family of marks (as defined at ¶ 8 of Counter-defendant's First Amended Complaint) or a violation of the Lanham Act;

      b.    Counter-plaintiffs' use of the ASA Late Model Series trade name, logo, and mark does not create a likelihood of confusion, mistake or deception as to the origin, sponsorship or approval of the services or commercial activities of ASA Late Model Series in violation of § 43(a) of the Lanham Act;

      c.    The Operating Agreement and Amendment Agreement grant Counter-plaintiffs' title to and full ownership and use of the ASA Late Model Series trade name, logo, and mark unless a dissolution of the ASA Late Model Series occurs;

      d.    Counter-plaintiffs' use of the ASA Late Model Series trade name, logo and mark does not constitute a breach of the Operating Agreement and Amendment Agreement nor a misuse of the mark; and/or

      e.    Varney's application for registration of the ASA Late Model Series mark was not in violation of the requirements of mark registration as defined by 15 U.S.C. § 1051.

      43.    Pursuant to 28 U.S.C. § 2201 and Federal Rule of Civil Procedure 57, Counter-plaintiffs request that the Court determine and declare that, only to the extent the Court finds that Counter-defendant owns the "ASA Late Model Series" mark, such ownership has been abandoned.

## COUNT II

## <u>VIOLATIONS OF SECTION 43(a) OF THE LANHAM ACT</u>

44.     Counter-plaintiffs reallege and restate the above paragraphs as though fully set forth herein.

45.     Counter-defendant has made disparaging, false or misleading statements, descriptions of fact or representations of fact about the ASA Late Model Series name, mark and business and the Counter-plaintiff's rights and interests in the ASA Late Model Series mark (hereinafter the "Misrepresentations").  These Misrepresentations are likely to cause confusion or mistake or deceive stock car racing consumers as to the affiliation, connection or association between ASA Late Model Series on the one hand, and RSA and the American Speed Association on the other, in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

46.     The Misrepresentations are likely to cause confusion or mistake or deceive stock car racing consumers as to the origin, sponsorship or approval of the services or commercial activities of RSA and the American Speed Association in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

47.     In addition, Counter-defendant has used and/or threatened use of the "ASA Late Model Series" name, mark and logo.  Such use is a false designation of origin as to the services of Counter-plaintiffs and a false and misleading representation in violation of Section 43(a) of the Lanham Act (15 U.S.C. section 1125(a)).

48.     Counter-defendant's Misrepresentations, and/or its use and/or threatened use of the name, mark and logo belonging to ASA Late Model Series (collectively referred to as "Wrongful Acts") have deceived and will continue to deceive stock car racing consumers.

49.     As a direct and proximate result of any of Counter-defendant's Wrongful Acts, Counter-plaintiffs have been damaged.

50.     Counter-defendant's Wrongful Acts have caused and will continue to cause irreparable injury to ASA Late Model Series unless enjoined by this Court.

51.     Counter-plaintiffs have no adequate remedy at law.

## COUNT III

### COMMON LAW TRADE NAME AND SERVICE MARK INFRINGEMENT

52.     Counter-plaintiffs reallege and restate the above paragraphs as though fully set forth herein.

53.     The trade name, mark and/or logo for ASA Late Model Series are protectable.

54.     The trade names, marks and/or logos of ASA Racing and ASA Late Model Series are used in interstate commerce.

55.     Counter-defendant used and/or threatened to use of the ASA Late Model Series name, mark or logo in connection with the sale, offering of sale, distribution or advertising of goods or services.

56.     Counter-defendant's use and/or threatened use of the ASA Late Model Series name, mark or logo is likely to cause confusion or cause mistake or to deceive consumers of the ASA Late Model Series services.

## COUNT IV

### COMMON LAW UNFAIR COMPETITION

57.     Counter-plaintiffs reallege and restate the above paragraphs as though fully set forth herein.

58.     Counter-defendant's use and/or threatened use of Counter-plaintiff's trade name, logo, and/or mark seeks to (a) intentionally palm off its goods or services as those of Counter-plaintiffs; and/or (b) cause a likelihood of confusion as to the source of the services of ASA Late Model Series.

59.     By making Misrepresentations through press releases and message forums, RSA has engaged in conduct aimed to deceive the public so as to pass the ASA Late Model Series services and/or business off as its own.

60.     Such acts constitute unfair competition under the common law.

### PRAYER FOR RELIEF

WHEREFORE, ASA Late Model Series, LLC and Louie R. Varney, Jr. respectfully request the Court:

A.     Order that Plaintiff take nothing by its presented causes of action;

B.     Declare that U.S. Trademark registration No. 3,035,680 is valid under the registration requirements of 15 U.S.C. § 1051;

C.     Declare that Defendants' use of the registered trade name, logo, and mark for the ASA Late Model Series

1.  Is not an infringement of RSA's rights, interests or ownership of the purported ASA family of marks (as defined at ¶ 8 of Counter-defendant's First Amended Complaint);

2.  Is not a violation of § 43(a) of the Lanham Act; and/or

3.  Does not create a likelihood of confusion, mistake or deception as to the origin, sponsorship or approval of the services or commercial activities of ASA Late Model Series in violation of the Lanham Act;

D.     Declare that ASA Late Model Series, LLC and/or Varney is the rightful owner of

the ASA Late Model Series trade name, logo, and mark in perpetuity, until and unless a dissolution of the ASA Late Model Series occurs, and/or that

1. RSA has no ownership rights in the ASA Late Model Series mark; and/or that

2. Defendants do not own only the limited right to use of the ASA Late Model Series trade name, logo, and mark as alleged by RSA in Paragraph 26 of its First Amended Complaint;

E.     Declare that Defendants' use of the ASA Late Model Series trade name, logo and mark does not constitute a breach of the Operating Agreement and Amendment Agreement or a misuse of the mark, as alleged by RSA in Paragraph 27 of its First Amended Complaint;

F.     Declare that RSA abandoned the "ASA Late Model Series" mark, in the event the Court finds that RSA owns the mark;

G.     Enter an Order adjudging that RSA has violated § 43(a) of the Lanham Act;

H.     Enter an Order adjudging that RSA's conduct constitutes trade name and/or mark infringement and/or unfair competition under the common law;

I.     Permanently enjoin RSA from further making any disparaging, false or misleading statements, descriptions or representations of fact relating to Defendants' ownership and use of the ASA Late Model Series name, logo, mark and/or entity;

J.     Order RSA to publish a national press release and/or advertisements to retract and correct the false and misleading statements, and/or descriptions or representations of fact to stock car racing consumers;

I.     Award Defendants their damages under 15 U.S.C. §§ 1117;

J.     Award Defendants their costs and expenses associated with defending this civil action and/or bringing Counter-plaintiff's Counterclaim, including an award of Defendants' reasonable attorneys' fees as provided in 15 U.S.C. § 1117;

K.      Award to Defendants any other relief to which Defendants are entitled as well as any other relief that the Court deems just and appropriate.

Dated:   May 9, 2008

Electronically filed by:

Johanna J. Raimond
Law Offices of Johanna J. Raimond Ltd.
321 S. Plymouth Court
Suite 1515
Chicago, IL 60604
312/235-6959

on behalf of

LOUIS R. VARNEY JR. and
ASA LATE MODEL SERIES, L.L.C.


        s/ Wm. Christopher Penwell
One of their attorneys
Wm. Christopher Penwell
Siegel Brill Greupner Duffy & Foster P.A.
1300 Washington Square
100 Washington Avenue South
Minneapolis, MN 55402
612/337-6104


**Attorneys for Defendants**