## AMENDMENT TO OPERATING AGREEMENT
## OF THE ASA LATE MODEL SERIES LLC

WHEREAS, this agreement made this 15th day of November, 2004, effective as of the date herein, between member, American Speed Association, LLC an Indiana limited liability company, and member Louie R. Varney Jr. of ASA Late Model Series, LLC, an Indiana limited liability company, ("The Company");

WHEREAS, the members have agreed that American Speed Association, LLC will sell to Louie R. Varney Jr., all of its 70 member units/shares in ASA Late Model Series LLC for the sum of One Hundred Twenty Two Thousand Five Hundred and no/100 Dollars ($122,500) under the following terms:

1. Thirty-five Thousand and no/100 Dollars ($35,000) down which amount has been received by American Speed Association, LLC.

2. Thirty-one Thousand and One Hundred and Ninety Nine and 12/100 Dollars ($31,199.12) to be paid upon the signing of this agreement.

3. The balance of Fifty-six Thousand Three Hundred and 88/100 Dollars ($56,300.88) is for debt to be assumed by a purchaser/member Louie R. Varney Jr. (See Exhibit A)

American Speed Association, LLC declares and warrants that this assumed indebtedness represents all of the outstanding indebtedness of ASA Late Model Series LLC as of the date of this agreement and agrees to indemnify purchaser, Louie R. Varney, Jr. for any additional debt not disclosed as of the date of this agreement.

American Speed Association, LLC is released from any further debt incurred by ASA Late Model Series, LLC following the date of this agreement.

American Speed Association, LLC agrees to hold Louie R. Varney Jr., harmless form any debts, lawsuits, claims, liens, or injunctions not disclosed prior to the date of this agreement.

Upon the signing of this agreements, all obligations or contracts including rights of first refusal entered into by American Speed Association, LLC by or on behalf of the company are void.

By this agreement and amendment, Louie R. Varney Jr. shall be the acting manager of the company amending section V-5.1 of the operating agreement and removing American Speed Association, LLC from its management position.



EXHIBIT B

LMS 00082

Further, this amendment and agreement shall vest ownership of all outstanding member units/shares in ASA Late Model Series LLC with purchaser/member Louie R. Varney, Jr. which voids the Exhibit A of the current operating agreement.

This amendment and agreement includes all rights and use of the trademark agreement between American Speed Association, LLC and ASA Late Model Series, LLC, for the use of the ASA Late Model Series Trademark only; which is granted to Louie R. Varney, Jr. Trademark rights will be returned to American Speed Association LLC upon dissolution of the ASA Late Model Series LLC. American Speed Association, LLC agrees to cooperate fully to the effect the assignment and transfer of such trademark to comply with the laws of the State of Indiana including state form number 48258 assignment of trademark/service mark.

American Speed Association, LLC will release all of the supplies, equipment and materials of substance to ASA Late Model Series, LLC currently owned by the company.

American Speed Association, LLC agrees not to compete with ASA Late Model Series, LLC for a period of 2 years from the date of this agreement; In the development and/or sanctioning of a late model series that would be a direct competitor of the ASA Late Model Series LLC would be prohibited. The following conflict transactions are hereby approved and authorized by this amendment;

(I). American's Speed Association, LLC's continuing operations as the ASA National Tour Series an automobile racing sanctioning body.

Further, ASA Late Model Series, LLC shall retain all rights to the ASA Late Model portion of the website known as "www.asaracing.com". The parties agree to execute such separate agreements as shall be necessary to complete such transaction. The ASA Late Model Series LLC website will be operated under "www.asalatemodels.com"

This amendment and agreement shall include the execution of such forms as be necessary to effect the amendment to the articles of organization filed with the Indiana Secretary of State including form 49460 dated this 15th day of November 2004.

"MEMBERS"

American Speed Association, LLC

By: _____
Stephen M. Dale, Manager

By: _____
Louie R. Varney, Jr. Member

LMS 00083

In accordance with Amendment to Operation Agreement Exhibit A of the ASA Late Model Series LLC, the following debt structure has been agreed upon:

The amount in total of $10,950,88 will be paid within ninety (90) days of closing of this Amendment. The breakdown of each debt is as follows:

1. American Casting — $381.00
2. American Printing — $1880.44
3. Bush Trophy — $37.10
4. Calhoun County Speedway — $1375.00
5. Dickey Manufacturing Co. — $504.44
6. Katz, Sapper, & Miller — $800.00
7. LJM Machining Company — $345.64
8. Marc Times Racing News — $175.00
9. Michigan Racing Scene — $684.99
10. R&L Carriers — $178.73
11. Sign 1-1 Inc. — $3146.54
12. Tattoo Inc. — $1442.00

Total $10,950.88

The amount of $45,350.00 will be paid by January 29th 2005 and will be paid as follows;

| Name | Bonus | Points Fund |
|---|---|---|
| 1. Bobby Stremme | $1,300.00 | $4,000.00 |
| 2. Scott Baker | $1,300.00 | $2,000.00 |
| 3. Dan Lensing | $1,300.00 | $1,800.00 |
| 4. Doug True | $1,300.00 | $1,600.00 |
| 5. Jack Smith | $1,300.00 | $1,400.00 |
| 6. Ryan Tedesco | $650.00 | $1,200.00 |
| 7. Scott Whetzel | $1,300.00 | $1,000.00 |
| 8. Jason Setser | $1,300.00 | $800.00 |
| 9. Mike Satkowiak | $650.00 | $700.00 |
| 10. Tommy Cook | $1,300.00 | $600.00 |
| 11. Landon Cassill | $1,300.00 | $580.00 |
| 12. Tony Rosebrugh | $1,300.00 | $560.00 |
| 13. Robbie Johnson | $650.00 | $540.00 |
| 14. Bill Tomlinson | $1,300.00 | $520.00 |
| 15. Michael Grueneburg | $650.00 | $500.00 |
| 16. Derek Bischak | $650.00 | $480.00 |
| 17. Doug Mahlik | $0 | $460.00 |
| 18. Shaun Whitney | $1,300.00 | $440.00 |
| 19. Cory Podolski | $1,300.00 | $420.00 |
| 20. James Butler | $1,300.00 | $400.00 |
| 21. John Turnbull Jr | $650.00 | |
| 22. Rich Segvich | $1,300.00 | |
| 23. Greg Nienhouse | $650.00 | |

| | | |
|---|---|---|
| 24. Michael Tutino | $1,300.00 | |
| **Total** | **$25,350.00** | **$20,000.00** |

**Total of Bonus and Points fund**                                     **$45,350.00**

**Grand Total of debt to be assumed by**
**Louie R. Varney Jr.**                                                        **$56,300.88**

The Commission for Robert Webster, Robert Williams and Jim Haun have been paid by American Speed Association LLC prior to the signing of this amendment and is not included in the assumption of debt and has been added on to the cash receivable.
Signed on November 15th, 2004

By: _____
    Louie R. Varney Jr.

Signature of Acknowledgement

_____ American Speed Association LLC Manager
Stephen M. Dale/American Speed Association LLC/Manager



EXHIBIT C

LMS 00056

ATTORNEY-CLIENT PRIVILEGE

REDACTED

 United States Patent and Trademark Office

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

Trademarks > Trademark Electronic Search System (TESS)

TESS was last updated on Thu Aug 9 04:06:21 EDT 2007

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP |

Logout    Please logout when you are done to release system resources allocated for you.

# Record 1 out of 1

| TARR Status | ASSIGN Status | TDR | TTAB Status |    ( Use the "Back" button of the Internet Browser to return to TESS)



| | |
|---|---|
| **Word Mark** | **ASA LATE MODEL SERIES** |
| **Goods and Services** | IC 041. US 100 101 107. G & S: Entertainment services, namely, sanctioning of automobile racing events. FIRST USE: 20031212. FIRST USE IN COMMERCE: 20031212 |
| **Mark Drawing Code** | (3) DESIGN PLUS WORDS, LETTERS, AND/OR NUMBERS |
| **Design Search Code** | 26.03.03 - Incomplete ovals; Ovals, incomplete<br>26.03.13 - Ovals, exactly two (not concentric); Two ovals<br>26.03.21 - Ovals that are completely or partially shaded |
| **Serial Number** | 78533768 |
| **Filing Date** | December 16, 2004 |
| **Current Filing Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Published for Opposition** | October 4, 2005 |
| **Registration Number** | 3035680 |
| **Registration Date** | December 27, 2005 |
| **Owner** | (REGISTRANT) Varney, Louie R., Jr. INDIVIDUAL UNITED STATES 7360 Elm Lexington MICHIGAN 48450 |
| **Disclaimer** | NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "LATE MODEL SERIES" APART FROM THE MARK AS SHOWN |
| **Type of Mark** | SERVICE MARK |
| **Register** | PRINCIPAL |
| **Live/Dead** | |

http://tess2.uspto.gov/bin/showfield?f=doc&state=55jqr1.2.1    8/9/2007

LMS 00073

Latest Status Info

Page 1 of 3

Thank you for your request. Here are the latest results from the TARR web server.

This page was generated by the TARR system on 2007-08-09 15:59:06 ET

Serial Number: 78533768 Assignment Information

Registration Number: 3035680

Mark



(words only): ASA LATE MODEL SERIES

Standard Character claim: No

Current Status: Registered

Date of Status: 2005-12-27

Filing Date: 2004-12-16

Transformed into a National Application: No

Registration Date: 2005-12-27

Register: Principal

Law Office Assigned: LAW OFFICE 108

If you are the applicant or applicant's attorney and have questions about this file, please contact the Trademark Assistance Center at TrademarkAssistanceCenter@uspto.gov

Current Location: 650 -Publication And Issue Section

Date In Location: 2005-12-27

## LAST APPLICANT(S)/OWNER(S) OF RECORD

1. Varney, Louie R., Jr.

Address:
Varney, Louie R., Jr.
7360 Elm

http://tarr.uspto.gov/servlet/tarr?regser=serial&entry=78533768

8/9/2007

Latest Status Info

Lexington, MI 48450
United States
**Legal Entity Type:** Individual
**Country of Citizenship:** United States
**Phone Number:** 810-359-5985
**Fax Number:** 810-385-3177

## GOODS AND/OR SERVICES

**International Class:** 041
**Class Status:** Active
Entertainment services, namely, sanctioning of automobile racing events
**Basis:** 1(a)
**First Use Date:** 2003-12-12
**First Use in Commerce Date:** 2003-12-12

## ADDITIONAL INFORMATION

**Disclaimer:** "LATE MODEL SERIES"

**Design Search Code(s):**
26.03.03 - Incomplete ovals; Ovals, incomplete
26.03.13 - Ovals, exactly two (not concentric); Two ovals
26.03.21 - Ovals that are completely or partially shaded

## MADRID PROTOCOL INFORMATION

(NOT AVAILABLE)

## PROSECUTION HISTORY

2005-12-27 - Registered - Principal Register

2005-10-04 - Published for opposition

2005-09-14 - Notice of publication

2005-08-24 - Law Office Publication Review Completed

2005-08-19 - Assigned To LIE

2005-08-18 - Approved for Pub - Principal Register (Initial exam)

2005-08-18 - Amendment From Applicant Entered

2005-08-12 - Communication received from applicant

2005-08-12 - TEAS Response to Office Action Received

http://tarr.uspto.gov/servlet/tarr?regser=serial&entry=78533768　　　　8/9/2007

LMS 00075

Latest Status Info

2005-07-28 - Non-final action e-mailed

2005-07-28 - Non-Final Action Written

2005-07-21 - Assigned To Examiner

2004-12-28 - New Application Entered In Tram

## ATTORNEY/CORRESPONDENT INFORMATION

**Correspondent**
LOUIE R. VARNEY JR.
7360 ELM RD
LEXINGTON, MI 48450-8994
Phone Number: 810-359-5985
Fax Number: 810-385-3177

# TRADEMARK LICENSE AGREEMENT

THIS AGREEMENT is made effective the date the last signature to it is obtained (the "Effective Date") by and between Racing Speed Associates, L.L.C., a Delaware limited liability company, also licensed to do business in the State of Florida (hereinafter "Licensor"), whose address is 457 So. Ridgewood Ave., Daytona Beach, FL 32114, and _____, a _____ [designate state and type of organization or an individual (hereinafter "Licensee"), whose address is _____

## RECITALS

Licensee and Licensor now desire to enter an exclusive trademark license agreement pursuant to the terms of this Agreement.

NOW THEREFORE the parties agree as follows:

   WHEREAS, Racing Speed Associates, L.L.C. ("RSA") purchased from ASA Racing Member Track, L.L.C., American Speed Association, L.L.C., Steve Dale Enterprises, LLC, SDMG Holdings, L.L.C., and Steve Dale (all "Sellers") the rights to various ASA Weekly Racing Series operated throughout the United States of America, and

   WHEREAS, Licensee purchased only rights to ASA Late Model Series from Sellers, and

   WHEREAS, Licensor and Licensee desire to combine efforts in order to take advantage of Licensor's capability to acquire ~~sanctions~~, insurance, conduct orderly membership applications, deal with advertising, and various other cost-saving factors, and

   WHEREAS, Licensor and Licensee will enter into a formal sanctioning agreement, and

   WHEREAS, in order to accomplish this, Licensee has agreed to sell, transfer, and convey the name "ASA Late Model" and its attendant mark to Licensor, and

   WHEREAS, Licensor has agreed to license back that name to Licensee, and

   WHEREAS, Licensee will acquire a different name for itself, which will be determined and supplemented by letter to this agreement for identification purposes,

   NOW, THEREFORE, the parties agree as follows:



EXHIBIT D

1. Definitions:
   a. "Trademark" means the trademark "ASA Late Model Series."
   b. License Products" means all products containing the name ASA Late Model.
   c. "Territory" means the continental United States of America.
2. Sale. Licensee sells, transfers and conveys to Licensor all right, title and interest in the name and mark ASA Late Mode Series
3. Grant:
   a. Subject to the conditions and limitations set forth in this agreement, Licensor hereby grants to Licensee an exclusive license in the Territory to use the Trademark in connection with the advertising, promotion, distribution and sale of the Licensed Products.
   b. Licensee acknowledges and agrees that any goodwill arising from its use of the Trademark exclusively inures to the benefit of and belongs to Licensor.
4. Quality Control:
   a. Licensee agrees to maintain the quality of Licensed Products as prescribed by Licensor from time to time during the term of this Agreement.
   b. If Licensor determines that Licensee is not meeting the quality standards required by Licensor, Licensor agrees to so advise Licensee in writing and to provide Licensee with reasonable guidance and a commercially reasonable time of no less than ninety (90) days to resume compliance with such standards. If Licensee is unable to resume compliance with the quality standards provided in this Agreement within a commercially reasonable time, Licensor may terminate this Agreement, and the licenses granted under it, without further notice.
5. Term:
   a. This Agreement will remain in force for a period of one year from the Effective Date, but will automatically renew each year, unless and until otherwise earlier terminated in accordance with the terms of this Agreement.
6. Royalties:
   a. During the term of this Agreement, Licensee will pay royalties to Licensor in the amount of ____% of Net Sales of all Licensed Products. As used in this agreement, the term "Net Sales" means Gross revenues received from the sales of all Licensed Products, less returns and allowances. Royalties will be paid by Licensee within thirty (30) days of the end of each calendar quarter and will be accompanied with a report setting for the manner in which the royalties were calculated. During the term of this Agreement, Licensor will have the right to audit the books and records of Licensee no more frequently than once per year during the Term, upon reasonable notice to Licensee. If the audit establishes that Licensee has underpaid royalties by no less than __%, the expenses associated with the audit will be paid by Licensee, otherwise, the expenses of the audits will be borne by Licensor.

LMS 00080

7. Termination:
   a. This Agreement may be terminated at any time by Licensee upon sixty (60) days written notice to Licensor.
   b. Licensor may terminate this Agreement at any time for Licensee's breach of this Agreement, provided, however, that Licensor gives Licensee thirty (30) days written notice of such breach and Licensee has failed to cure such breach within the said thirty (30) days of such notice.
   c. Upon termination of this Agreement for any reason, Licensee's rights to use the Trademark shall automatically cease.
8. Sanction Agreement. The parties will negotiate and execute a Sanction Agreement between themselves related to the annual business relationship within thirty (30) days of the effective date.
9. Miscellaneous:
   a. This Agreement constitutes the entire agreement between the parties concerning the subject matter hereof. Any waiver, variation or amendment of any term or condition of this Agreement will be effective only if signed by authorized representatives of both parties hereto.
   b. This Agreement will be governed by and construed in accordance with the laws of the State of Florida, United States of America.

IN WITNESS, the parties have signed this Agreement as shown below:

Racing Speed Associates, L.L.C.,
   a Delaware limited liability company, LICENSOR


By:_____          Date:_____
   Dennis Huth, President



a _____, LICENSEE


By:_____          Date:_____
   [Printed name and title]




K:\Huth ASA\Admin\Trademark License Agreement.doc

Trademark License Agreement                                    Page 3 of 3