IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Racing Speed Associates, L.L.C. d/b/a ASA Racing,<br><br>          Plaintiff,<br><br>  v.<br><br>Louis R. Varney, Jr. and ASA Late Model Series, L.L.C.<br><br>          Defendants. | Case No. 07 C 6785<br><br>Judge Kennelly<br>Magistrate Judge Schenkier<br><br>JURY TRIAL DEMANDED |

## PLAINTIFF/COUNTER-DEFENDANT'S ANSWER TO COUNTERCLAIMS

Plaintiff/Counter-Defendant Racing Speed Associates, L.L.C. d/b/a ASA Racing ("Plaintiff" or "RSA") responds to Counterclaims filed by Defendants/Counter-Plaintiffs Louis R. Varney, Jr. and ASA Late Model Series, L.L.C. ("Varney") as follows:

15.    Counter-plaintiffs reallege and restate the above paragraphs (1-14) as though fully set forth herein.

**Response:**

Counter-defendant incorporates the allegations of its First Amended Complaint as referenced in this allegation no. 15.

16.    Counter-defendant Racing Speed Associates, L.L.C. d/b/a ASA Racing ("RSA") is a limited liability company organized under the laws of Delaware and having its principal place of business at 457 South Ridgewood Ave., Suite 101, Daytona Beach FL 32114. RSA is a sanctioning body of motorsports events in various regions of the United States, including Northern Illinois.

**Response:**

Admit.

17.    Counter-plaintiff ASA Late Model Series, L.L.C. ("ASA Late Model Series") is a limited liability company organized under the laws of the State of Indiana which maintains the following business address: 7360 Elm Road, Lexington, MI 48450.

**Response:**

Admit.

18.     Counter-plaintiff Louie R. Varney Jr. ("Varney") is an individual who is presently the sole member and manager of ASA Late Model Series.

**Response:**

Admit.

19.     This declaratory judgment action is brought pursuant to the Trademark Laws of the United States, Title 15 of the United States Code.

**Response:**

Admit.

20.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1313 and 1338(a).

**Response:**

Admit.

21.     This Court has personal jurisdiction over Counter-defendant and venue is proper in the Northern District of Illinois under 28 U.S.C. § 1391(b).

**Response:**

Admit.

### HISTORY OF COUNTER-PLAITNIFF ASA LATE MODEL SERIES

22.     Today, ASA Late Model Series is in the business of sanctioning motorsport racing specifically for late model series race cars.  ASA Late Model Series sanctions events throughout the United States.

**Response:**

Admit.

23.     In 2002, an individual named Stephen Dale purportedly purchased certain interests in the American Speed Association ("ASA") name and marks from an individual named Rex Robbins.  This purchase did not include the ASA Late Model Series name, logo and mark. On information and belief, Rex Robbins began the ASA over thirty years before it was sold and transferred to Stephen Dale.

**Response:**

Counter-defendant admits that the American Speed Association, LLC was sold in 2002 to an LLC owned and/or controlled by Stephen Dale. Included in the purchase was the ASA trademark. Counter-defendant is without knowledge or information sufficient to answer the remaining allegations of this paragraph 23.

24.     On approximately December 12, 2003, Counter-plaintiffs Varney and American Speed Association, L.L.C., ("ASA"), through its then President and CEO Stephen Dale, entered into an agreement ("Operating Agreement") to form and organize a new entity called the "ASA Late Model Series, L.L.C.",. A true and correct copy of the Operating Agreement is attached hereto as **Exhibit A.**

**Response:**

Counter-defendant admits that on or about December 12, 2003 ASA Late Model Series, LLC was organized as a legal entity and that ASA and Stephen Dale were its members.

25.     The Exhibit A to the Operating Agreement allocated a 70% ownership interest in ASA Late Model Series to ASA, and a 30% ownership interest in ASA Late Model Series to Varney.

**Response:**

Admit.

26.     ASA Late Model Series first began to use its mark "ASA Late Model Series" in December of 2003 when ASA Late Model Series was formed. Since its formation, ASA Late Model Series has spend a significant amount of money establishing the "ASA Late Model Series" mark in the mind of its customers as a unique racing series specializing in short-track racing for late model series race cars.

**Response:**

Counter-defendant is without knowledge or information sufficient to answer the allegations of this paragraph 26.

27.     In 2004, Varney learned that the financial viability of ASA Late Model Series was in jeopardy due to activities and events out of Varney's control. As a consequence, Varney approached Stephen Dale of ASA and offered to buy all member units held by ASA. On or around November 15, 2004, ASA sold its 70% ownership interest to Varney for $122,500.00. The terms of this agreement are memorialized in the Amendment to Operating Agreement of the ASA Late Model Series, L.L.C. ("Amendment Agreement"), which is attached hereto as **Exhibit**

**B**.  The Amendment Agreement vested ownership of all ASA Late Model Series' outstanding member units / shares in ASA Late Model Series with Varney.

**<u>Response:</u>**

Admit that on or about November 15, 2004 ASA sold its member interests to Louis Varney.  Counter-defendant is without knowledge or information sufficient to answer the remaining allegations of this paragraph 27.

28.     The Amendment Agreement also expressly addressed use of the ASA Late Model Series mark, stating that

> [t]his amendment and agreement includes all rights and use of the trademark agreement between American Speed Association, LLC and ASA Late Model Series, LLC, for the use of the ASA Late Model Series Trademark only; which is granted to Louie R. Varney, Jr. Trademark rights will be returned to American Speed Association LLC upon dissolution of the ASA Late Model Series, LLC. American Speed Association, LLC agrees to cooperate fully to the effect the assignment and transfer of such trademark to comply with the laws of the State of Indiana including state form number 48528 assignment of trademark / service mark

**<u>Response:</u>**

Admit.

29.     In addition, ASA retained "all rights to the ASA Late Model portion of the website known as 'www.asaracing.com'" and the parties agreed the ASA Late Model Series website "will be operated under www.asalatemodels.com'."

**<u>Response:</u>**

Admit.

30.     No separate trademark licensing agreement exists, as alleged by Counter-defendant.

**<u>Response:</u>**

Deny.  On information and belief, a separate trademark license agreement was executed between American Speed Associates, LLC and ASA Late Model Series, LLC.

31.     Varney applied to register the ASA Late Model Series mark with the United States Patent and Trademark Office ("USPTO") on December 12, 2004.

**Response:**

Admit.

32.    The USPTO approved Varney's application on or around December 27, 2005.  A true and correct copy of the ASA Late Model Series mark taken from the USPTO's Trademark Electronic Search System (TESS) is attached hereto as **Exhibit C**.

**Response:**

Admit.

## TRANSFER OF CERTAIN RIGHTS AND INTERESTS
## IN ASA-RELATED MARKS TO COUNTER-DEFENDANT

33.    On information and belief, in approximately 2004, ASA sold to Counter-defendant RSA certain rights to various marks, names and logos associated with ASA.  On information and belief, ASA did not sell any rights to the ownership or use of the ASA Late Model Series mark, trade name, or logo to Counter-defendant.

**Response:**

Admit that in 2004, ASA transferred to RSA certain rights to various ASA trademarks,

names and logos associated with ASA.

34.    In approximately 2005, RSA drafted a trademark license agreement under which Varney would "sell, transfer and convey the name 'ASA Late Model' and its attendant mark to RSA" as the "Licensor."  In the draft trademark license agreement, there is a WHEREAS clause expressly acknowledging that Varney "purchased only rights to ASA Late Model Series from [Stephen Dale and entities owned by him]."  A true and correct copy of the RSA draft trademark license agreement is attached hereto as **Exhibit D**.  Despite drafting the trademark license agreement, RSA now denies that Varney owns the ASA Late Model Series mark.

**Response:**

RSA admits that it denies that Varney owns the ASA Late Model Series trademark.

35.    On information and belief, around September 14, 2007, RSA acquired certain rights, title and interests in the ASA and various other names, logos and trademarks (the "RSA Acquisition").  RSA claims that through the RSA Acquisition, it acquired "all rights, title and interests" in (a) the ASA and (b) what RSA identifies as "the ASA family of marks."  The only interests, rights and obligations RSA acquired under the RSA Acquisition were those retained by ASA under the Operating Agreement and Amendment Agreement, which did not include the ASA Late Model Series mark.

**Response:**

    Deny.

    36.    On October 24, 2007, the USPTO filed an Office Action refusing registration of the "ASA Racing" mark based on the likelihood of confusion with U.S. mark "ASA Late Model Series," U.S. Registration No. 3,035,680 filed by Varney.

**Response:**

    Admit.

**COUNTER-DEFENDANT'S FALSE AND MISLEADING REPRESENTATIONS**

    37.    Prior to and subsequent to the filing of this lawsuit, RSA has made or caused to be made public statements disparaging ASA Late Model Series, false or misleading accusations, descriptions or misrepresentations of fact in commerce regarding ownership of the ASA Late Model Series name, mark and business. Specifically, such statements have represented that ASA Late Model Series does not own all rights, title and interest in the ASA Late Model Series entity or mark, including without limitation the following:

    a.    "Longtime motorsports executive Dennis Ruth, through his company Racing Speed Associates, has reached an agreement to fully acquire all rights to the American Speed Association, it was announced today . .. . Under Dale, with guidance from valued staff members such as Ruth, the American Speed Association quickly expanded into other areas, including the ASA Member Track Program, the ASA Late Model Series and the highly-regarded ASA National Tour" (American Speed Association press release, on or around October 4, 2007);

    b.    "RSA acquired all of the rights to the ASA family of trademarks, including American Speed Association, ASA Racing and ASA Late Model Series earlier this year from American Speed Association, LLC who most people in the racing world know was the successor to the ASA Racing founder Rex Robbins" (American Speed Association press release, December 3, 2007);

    c.    "We twice warned Mr. Varney that he was overstepping his bounds with his campaign against our client. .. You cannot permit a licensee of a trademark to claim ownership in the mark and then seek to use it against the legitimate business activities of the rightful owner of that mark" (American Speed Association press release, RSA attorney William Niro, on or around December 3,2007); and

All of the above statements falsely and misleadingly claim that Counter-defendant owns the ASA Late Model Series and its mark.

**Response:**

Counter-defendant admits that it has made public statements that ASA Late Model Series does not own all rights, title and interests in the ASA Late Model Series trademark. Counter-defendant denies the remaining allegations of this paragraph 37.

38.     Statements posted on various Internet message boards, press releases, and articles evidence actual confusion and/or a likelihood of confusion by consumers familiar with the ASA and ASA Late Model Series services. Examples of such statements include, without limitation, the following:

  a.     "There has been a lot of confusion this year over American Speed Association, the ASA name and the ASA Late Model Series. To help seperate [sic] it at this time here at Motorsports Lounge, we have given the 'ASA Late Model Series' it's [sic] own forum and the 'American Speed Association' (ASA Racing) it's [sic] own forum" (on or around November 7, 2007, post number 137658 found on www.motorsportslounge.com); and

  b.     "ASA is a two-headed beast. Huth handles the ASA Member Track Program / Regional Series, while Ron Varney runs a touring Late Model series under the ASA banner. . . . The [ASA] organization experienced several problems in 2004, which led Dale to sell the Member Track program to Ruth and allow Varney to continue forward with the ASA Series" (on or around November 11, 2007, article or draft article written by Godwin Kelly (Motorsports Editor) entitled *Huth's Short-Track Revolution*).

**Response:**

Deny.

39.     With the intention to deceive or mislead consumers and/or to cause confusion, RSA has (a) made false or misleading accusations, and descriptions or misrepresentations of fact as to the ownership of the ASA Late Model Series mark; and (b) used or threatened use of the ASA Late Model Series mark and name.

**Response:**

Deny.

## COUNT I

## DECLARATORY JUDGMENT

40.     Counter-plaintiffs reallege and restate the above paragraphs as though fully set forth herein.

**Response:**

Counter-defendant incorporates its answers to the preceding paragraphs as if fully set forth herein.

41.    A continuing controversy exists because ASA has made and continues to make false claims that (a) ASA Late Model Series and/or Varney are in violation of agreements entered by the parties; (b) ASA Late Model Series' and/or Varney's proper use of the ASA Late Model Series trade name, logo and mark is illegal; and that (c) Counter-plaintiffs do not own all rights, title and interest in the ASA Late Model Series trade name, logo and mark.

**Response:**

Admit.

42.    Pursuant to 28 U.S.C. § 2201 and Federal Rule of Civil Procedure 57, Counter-plaintiffs request that the Court determine and declare that

a.    Counter-plaintiffs' use of the trade name and registered logo and mark for the ASA Late Model Series is not an infringement of Counter-defendant's rights, interests or ownership of the ASA family of marks (as defined at ~ 8 of Counter-defendant's First Amended Complaint) or a violation of the Lanham Act;

b.    Counter-plaintiffs' use of the ASA Late Model Series trade name, logo, and mark does not create a likelihood of confusion, mistake or deception as to the origin, sponsorship or approval of the services or commercial activities of ASA Late Model Series in violation of § 43(a) of the Lanham Act;

c.    The Operating Agreement and Amendment Agreement grant Counter-plaintiffs' title to and full ownership and use of the ASA Late Model Series trade name, logo, and mark unless a dissolution of the ASA Late Model Series occurs;

d.    Counter-plaintiffs' use of the ASA Late Model Series trade name, logo and mark does not constitute a breach of the Operating Agreement and Amendment Agreement nor a misuse of the mark; and/or

e.    Varney's application for registration of the ASA Late Model Series mark was not in violation of the requirements of mark registration as defined by 15 U.S.C. § 1051.

**Response:**

Counter-defendant admits that counter-plaintiff requests the relief stated.  Counter-defendant denies that counter-plaintiff is entitled to the relief stated.

43.    Pursuant to 28 U.S.C. § 2201 and Federal Rule of Civil Procedure 57, Counter-plaintiffs request that the Court determine and declare that, only to the extent the Court finds that Counter-defendant owns the "ASA Late Model Series" mark, such ownership has been abandoned.

**Response:**

Deny.

## COUNT II

### VIOLATIONS OF SECTION 43(a) OF THE LANHAM ACT

44.    Counter-plaintiffs reallege and restate the above paragraphs as though fully set forth herein.

**Response:**

Counter-defendant incorporates its answers to the preceding paragraphs as if fully set

forth herein.

45.    Counter-defendant has made disparaging, false or misleading statements, descriptions of fact or representations of fact about the ASA Late Model Series name, mark and business and the Counter-plaintiffs rights and interests in the ASA Late Model Series mark (hereinafter the "Misrepresentations"). These Misrepresentations are likely to cause confusion or mistake or deceive stock car racing consumers as to the affiliation, connection or association between ASA Late Model Series on the one hand, and RSA and the American Speed Association on the other, in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

**Response:**

Deny.

46.    The Misrepresentations are likely to cause confusion or mistake or deceive stock car racing consumers as to the origin, sponsorship or approval of the services or commercial activities of RSA and the American Speed Association in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

**Response:**

Deny.

47.    In addition, Counter-defendant has used and/or threatened use of the "ASA Late Model Series" name, mark and logo. Such use is a false designation of origin as to the services of Counter-plaintiffs and a false and misleading representation in violation of Section 43(a) of the Lanham Act (15 U.S.C. section 1125(a)).

9

**Response:**

Deny.

48.    Counter-defendant's Misrepresentations, and/or its use and/or threatened use of the name, mark and logo belonging to ASA Late Model Series (collectively referred to as "Wrongful Acts") have deceived and will continue to deceive stock car racing consumers.

**Response:**

Deny.

49.    As a direct and proximate result of any of Counter-defendant's Wrongful Acts, Counter-plaintiffs have been damaged.

**Response:**

Deny.

50.    Counter-defendant's Wrongful Acts have caused and will continue to cause irreparable injury to ASA Late Model Series unless enjoined by this Court.

**Response:**

Deny.

51.    Counter-plaintiffs have no adequate remedy at law.

**Response:**

Deny.

## COUNT III

### COMMON LAW TRADE NAME AND SERVICE MARK INFRINGEMENT

52.    Counter-plaintiffs reallege and restate the above paragraphs as though fully set forth herein.

**Response:**

Counter-defendant incorporates its answers to the preceding paragraphs as if fully set forth herein.

53.    The trade name, mark and/or logo for ASA Late Model Series are protectable.

**Response:**

Admit that the Late Model Series is protectable as a trademark.

54.    The trade names, marks and/or logos of ASA Racing and ASA Late Model Series are used in interstate commerce.

**Response:**

Admit.

55.    Counter-defendant used and/or threatened to use of the ASA Late Model Series name, mark or logo in connection with the sale, offering of sale, distribution or advertising of goods or services.

**Response:**

Deny.

56.    Counter-defendant's use and/or threatened use of the ASA Late Model Series name, mark or logo is likely to cause confusion or cause mistake or to deceive consumers of the ASA Late Model Series services.

**Response:**

Deny.

## COUNT IV

## COMMON LAW UNFAIR COMPETITION

57.    Counter-plaintiffs reallege and restate the above paragraphs as though fully set forth herein.

**Response:**

Counter-defendant incorporates its answers to the preceding paragraphs as if fully set

forth herein.

58.    Counter-defendant's use and/or threatened use of Counter-plaintiffs trade name, logo, and/or mark seeks to (a) intentionally palm off its goods or services as those of Counter-plaintiffs; and/or (b) cause a likelihood of confusion as to the source of the services of ASA Late Model Series.

**Response:**

Deny.

11

59.     By making Misrepresentations through press releases and message forums, RSA has engaged in conduct aimed to deceive the public so as to pass the ASA Late Model Series services and/or business off as its own.

**Response:**

Deny.

60.     Such acts constitute unfair competition under the common law.

**Response:**

Deny.

## AFFIRMATIVE DEFENSES

1.     Counter-plaintiff's claims are barred by the doctrine of estoppel and laches.

2.     Counter-plaintiff's claims are barred by the doctrine of acquiescence.

3.     The statements made by counter-defendant as alleged herein are true.

4.     The counter-defendant has a right to use the ASA Late Model Series trademark in competition with Counter-plaintiff as provided in the Amended Agreement.

WHEREFORE, Plaintiff/Counter-defendant prays that the Counterclaims of the Defendant/Counter-plaintiff be denied and that Plaintiff/Counter-defendant take nothing, and further prays this Court will enter judgment in favor of Plaintiff/Counter-defendant in this cause, including an award of Plaintiff/Counter-defendant's costs and attorney's fees.

Respectfully submitted,


*/s/ William L. Niro*
William L. Niro
Laura A. Kenneally
NIRO, SCAVONE, HALLER & NIRO
181 W. Madison St., Suite 4600
Chicago, Illinois 60602-4515
Telephone: (312) 236-0733
Facsimile: (312) 236-1097
***Attorneys for Plaintiff***

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing PLAINTIFF/COUNTER-DEFENDANT'S ANSWER TO COUNTERCLAIMS which was filed electronically with the Court through the Electronics Case Filing System on May 29, 2008 will be sent electronically to the following registered counsel of record as identified on the Notice of Electronic Filing ("NEF"):

> Johanna Raimond
> LAW OFFICES OF JOHANNA J. RAIMOND, LTD.
> 321 S. Plymouth Court – Suite 1515
> Chicago, IL  60604
> Tel:    (312) 235-6959
> jraimond@raimondlaw.com
>
> William Christopher Penwell
> SIEGEL, BRILL, GREUPNER, DUFFY & FOSTER, P.A.
> 100 Washington Ave South – Suite 1300
> Minneapolis, MN 55401
> Tel: (612) 337-6100
> chrispenwell@sbgdf.com
>
> ***Attorneys for Defendants***
>
> */s/ William L. Niro*